Filed 11/8/13  P. v. Williams CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMAINE ADELL WILLIAMS,<br><br>        Defendant and Appellant. | A139285<br><br>(San Mateo County<br>Super. Ct. No. SC078561A) |

Appellant Jamaine Adell Williams appeals from his conviction and resulting sentence following his no-contest plea to one count of taking and driving a motor vehicle without the consent of the owner.  (Veh. Code, § 10851, subd. (a).)

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel's declaration states she has notified appellant that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Counsel also advised appellant of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  Although no certificate of probable cause was sought, we nevertheless exercise our discretion to review the entire record to determine if there are any potentially meritorious issues that require briefing.

1

Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having done so, we conclude that there is no arguable issue on appeal.

<b>Procedural and Material Factual Background of Case</b>

A three-count felony amended complaint was filed by the San Mateo County District Attorney's Office on July 9, 2013,[1] charging appellant with one felony count of taking and driving a motor vehicle without the consent of the owner. (Veh. Code, § 10851, subd. (a)), one felony count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and one misdemeanor count of driving a motor vehicle while driving privileges are suspended (Veh. Code, § 14601.1, subd. (a).)

Apparently, between the time of filing the original criminal complaint and the amended complaint on July 9, a written motion to suppress evidence was filed by appellant on July 3, pursuant to Penal Code section 1538.5. At the time for the preliminary hearing on July 9, it was agreed that the parties would present testimony both in connection with the motion to suppress evidence and the preliminary hearing. The court agreed to hear arguments first on the pending motion to suppress, before making a decision whether to hold appellant to answer the charges alleged in the amended complaint. In the event the trial court decided to deny the motion to suppress, the parties would then either present a negotiated plea disposition, or they would continue with the preliminary hearing.

Three witnesses were called to testify in connection with the combined hearing. The first was Burlingame police officer Josef Fregosi. At the conclusion of the police officer's testimony, the defense called Nathaniel Knapp, a long-time friend of appellant, to testify, who was followed by appellant himself. At the conclusion of the witnesses'

---

[1] All further dates are in the calendar year 2013, unless otherwise indicated.

2

testimony and the arguments of counsel, the trial court denied the motion to suppress evidence concluding that the detention of appellant was "a good stop."[2]

Following the court's ruling, appellant's counsel requested a recess, after which counsel indicated the parties had reached a plea disposition. By this negotiated plea, appellant pleaded no contest to one count of taking and driving a motor vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a)), for which he would be sentenced to serve 90 days in county jail followed by Proposition 36 probation.

Appellant completed and signed a plea form that included an acknowledgement of the rights he was relinquishing as a result of entering the no-contest plea, which was followed by oral admonitions at the time the court accepted the plea. As part of the disposition the prosecution also agreed to dismiss the remaining counts, which the court then ordered. Appellant was sentenced in accordance with the negotiated plea, and probation was granted with conditions.

### Conclusions Based Upon Independent Record Review

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. As to appellant's motion to suppress evidence, we conclude the determinations that law enforcement had sufficient factual and legal bases to detain appellant, and make the subsequent seizure of evidence from him, were supported by substantial evidence, and supported by applicable legal precedent.

We also discern no error in the plea disposition or in sentencing. The suspension of sentence, the grant of probation appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

---

[2] Although the facts were contested, substantial evidence supports the following brief narrative relating to the seizure of evidence: the detention resulted from a complaint that a person matching the physical description of appellant was engaged in suspicious conduct at a parking structure where a stolen 2007 Audi was located. After the initial detention of appellant, it was learned that he had an arrest warrant outstanding. Appellant then consented to a search of his person, and a key to the stolen Audi was found in his pocket.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.